11-2801-ag
Zhang v. Holder
BIA
Schoppert, IJ
A095 716 385

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:
>        DENNIS JACOBS,
>            *Chief Judge,*
>        BARRINGTON D. PARKER,
>        RICHARD C. WESLEY,
>            *Circuit Judges.*

_____

JIAO LING ZHANG, AKA MEI YAN CHEN,
>        *Petitioner,*

>        v.                                    11-2801-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        John Z. Zhang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ada Bosque, Senior Litigation Counsel; Yamileth G. Handuber, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jiao Ling Zhang, a native and citizen of the People's Republic of China, seeks review of a June 15, 2011, order of the BIA affirming the August 31, 2009, decision of Immigration Judge ("IJ") Douglas Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiao Ling Zhang*, No. A095 716 385 (B.I.A. June 15, 2011), *aff'g* No. A095 716 385 (Immig. Ct. N.Y. City Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications (such as this) governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

The IJ's adverse credibility determination is supported by substantial evidence: (1) Zhang's failure to mention during her credible fear interview the first forcible abortion she allegedly underwent; (2) Zhang's testimony, contrary to a statement in her asylum application that she was not forcibly subjected to insertion of an intrauterine device; (3) Zhang's failure to mention during her testimony that family planning officials visited her home after her second abortion, as she asserted in her credible fear interview; and (4) Zhang's testimony that her boyfriend in the United States was unaware of her flight to the United States, though she stated the opposite during an airport

3

interview.  Moreover, the IJ reasonably rejected Zhang's explanations for her inconsistent testimony.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Given these inconsistencies and omissions in Zhang's testimony and between her testimony and the documentary evidence, the totality of the circumstances supports the agency's adverse credibility determination.[1]  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Zhang argues with some force that the discrepancy in her testimony regarding her child's date of birth was obviously explained by her inconsistent use of the lunar calendar. But, because the totality of the evidence supports the adverse credibility determination, remand is not warranted.  *See Xiu Xia Lin*, 534 F.3d at 167; *Yanqin Weng*, 562 F.3d at 513.

4